UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22338-ALTMAN/Reid

**TEMURBEK HIKMATULLAEV** *et al.*,

    *Plaintiffs*,

*v.*

**MARCO ALESSANDRO VILLA** *et al.*,

    *Defendants.*

_____/

## ORDER

The Plaintiffs filed a Combined Application for Entry of an Ex Parte Temporary Restraining Order and for a Preliminary Injunction (the "Motion") [ECF No. 5]. Magistrate Judge Lisette M. Reid issued a report and recommendation, in which she recommended that we **GRANT in part and DENY in part** the Motion. *See* Report and Recommendation ("R&R") [ECF No. 14] at 8. Magistrate Judge Reid also warned the parties as follows:

> Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has [sic] THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. *See generally Jeffrey S. by Ernest S. v. State Bd. of Educ. Of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* at 10. And, on June 28, 2023, the Plaintiffs filed their Notice of No Objection to the Report and Recommendation and Request for Entry of the Recommended Temporary Restraining Order ("Notice") [ECF No. 15]. In that Notice, the Plaintiffs "state that they have **NO OBJECTION** to the Magistrate Judge's [R&R]." Notice at 1 (emphasis in original). They then "request that this Court promptly enter a TRO consistent with the relief granted in the Magistrate Judge's R&R." *Ibid.*

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 14] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiffs' Motion [ECF No. 5] is **GRANTED in part and DENIED in part**.

3. A temporary restraining order is **ENTERED** as follows:

    a. Coinbase is directed to immediately freeze and restrict all transfers for any account belonging to MARCO ALESSANDRO VILLA, including but not limited to the wallet with the address 0xB7d58dF3C80C12948FC14aAa0cc4d1bE1DCD4163 until further order of this Court.

    b. Coinbase is directed to restrict any accounts belonging to ALESSIO MULASSO, GIORGIO MARIANI, and/or LUMECH, INC., or any other account in which the $1,000,086 USDT the Plaintiffs sent to the Defendants ("Subject Assets") are traced—until further order of this Court.

    c. The amount of assets subject to the freeze in paragraphs a and b shall not exceed $812,086 USDT.

    d. Coinbase shall produce account statements for May, June, and (when issued) July 2023 related to Villa's Coinbase Wallet, showing all incoming and outgoing transfers in that account.

    e. None of the Defendants may transfer any of the Subject Assets in possession of any cryptocurrency platform, financial institution, payment processor, bank, escrow service, or money transmitter for any purpose without the express authorization of this Court.

    f. Plaintiffs' counsel is ordered to send a copy of this Order, the Motion, and the Complaint to the Defendants and Coinbase via email and by overnight mail within seven (7) days of this Order. The Plaintiffs are further ordered to serve the Complaint or a request for waiver consistent with the Federal Rules of Civil Procedure.

    g. Any Defendant or Coinbase may petition the Court to modify the asset restraint set out in this Order.

4. Pursuant to our Order Referring the Motion [ECF No. 13], Magistrate Judge Reid will hear argument on the Plaintiffs' requested preliminary injunction within **FOURTEEN DAYS** of this Order. The Defendants or any other affected persons may challenge the appropriateness of this Order at that hearing.

**DONE AND ORDERED** in the Southern District of Florida on July 5, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record