## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TEMURBEK HIKMATULLAEV, an individual, and ASATILLA YAKVALKHODJAEV, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MARCO ALESSANDRO VILLA, an individual, ALESSIO MULASSO, an individual, and GIORGIO MARIANI, an individual, LUMECH, INC., a Florida corporation, and JOHN DOES 1-25, unknown individuals. <br><br> Defendants, <br><br> and <br><br> COINBASE, INC., a Delaware corporation, <br><br> Third-Party Respondents. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : No. 1:23-cv-22338 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## AMENDED JOINT STATUS REPORT

Pursuant to the Court's August 15, 2023 Order [ECF No. 47], the Parties submit this Joint Status Report. For the reasons set forth in Section II, the Parties jointly request a hearing before the Court.

## BACKGROUND

Plaintiffs' Complaint seeks recovery of approximately $812,000 plus attorneys' fees and costs from the Defendants (Plaintiffs' "Claim"). On July 6, 2023, the Court entered an Ex-Parte Temporary Restraining Order directing third party respondent Coinbase, Inc. ("Coinbase") to freeze and restrict any accounts belong to Defendants (the "TRO"). [ECF No. 16].

On July 13, 2023, Coinbase was served with the Plaintiffs' Summons and Complaint. ECF No. 19. On July 31, 2023, Magistrate Judge Reid held a status conference regarding Plaintiffs' claims. Coinbase appeared and filed their motion for extension on August 1, 2023. ECF No. 36. On August 4, 2023, Magistrate Reid entered an order relating to the July 31, 2023 status conference, which directed Coinbase to transfer 599,729.649826 USDT (the "USDT Assets") from Defendant Villa's Coinbase Account to Plaintiffs' Wallet by August 5, 2023. [ECF No. 44]. The Magistrate's order did not identify the wallet where Plaintiff wanted to receive the transfer, or address the process for Coinbase's transfer of the USDT Assets. On August 8, 2023, Judge Reid conducted a further status conference at which counsel for Plaintiffs, Defendants, and Coinbase appeared. ECF No. 45.

On August 11, 2023, this Court conducted a status conference to discuss Plaintiff's claims. ECF No. 46. Coinbase reported it required at least seven (7) business days to process the Transfer to the non-Coinbase wallet of Plaintiff's choice. The Plaintiffs and Defendants indicated they were close to reaching a settlement agreement on the remaining $212,000 but disagreed as to the language in the FRCP 41 notice of dismissal. As a compromise, this Court proposed language for the FRCP 41 notice and directed the Plaintiffs and Defendants to confer with their Clients regarding the proposed language.

The Court ordered the Parties to "file a joint notice [by August 22, 2023] telling [the Court] whether they've settled this case (in whole or in part) and whether they need another hearing on the remaining issues in the case." [ECF No. 47]. The Court also extended the TRO to August 23, 2023, to allow Coinbase to complete the Transfer [ECF No. 47].

## STATUS

### I. The Remaining Claims:

Plaintiffs and Defendants have agreed to settle the remaining claims by Defendants refunding $212,000 to Plaintiffs subject to the Parties' execution of a settlement agreement where all Parties will bear their own fees and costs. Plaintiffs and Defendants agree to add the following language in the FRCP 41 dismissal notice:

> Defendants Villa, Mariani, Mulasso, and Lumech, Inc. deny liability for all claims and insist they never violated the law, engaged in intentional or otherwise fraudulent acts, malfeasance, or wrongdoing to deprive Plaintiffs of any funds.

Coinbase is not a party, is not a signatory to the settlement agreement between Plaintiffs and Defendants, and takes no position regarding the remaining claims.

### II. The TRO:

**The Parties jointly request a hearing to discuss the TRO and Transfer. The Parties' respective positions regarding the TRO are as follows:**

**Plaintiffs' Position:** Plaintiffs will agree to a discharge of the TRO, except as to the 599,729.649826 USDT in Villa's account as necessary to effectuate the Transfer ("Restrained Funds"). Plaintiffs' respectfully request to an extension of the TRO over the Restrained Funds, such that Coinbase can complete the Transfer.

Plaintiffs provided Coinbase its wallet information on August 8, 2023. On August 14, 2023, at 5:06PM ET, Coinbase emailed Plaintiffs to indicate they sought to have "an agreement in place regarding the transfer." Plaintiffs responded at 5:27 PM ET with a proposed procedure. Plaintiffs requested an update from Coinbase regarding the Transfer on August 18, 2023. On August 22, 2023 at 9:56 AM ET, Coinbase – in its first response to Plaintiffs' August 14 and 18 emails –

circulated a six-page settlement agreement related to Coinbase completing its court ordered Transfer. Plaintiffs were unable to confer with their clients prior to this Court's deadline. If the Court orders a bond to be posted as requested by Defendants that bond should be paid by Coinbase as the delay in returning the Restrained Funds is not Plaintiffs' fault.

**Defendants Villa, Mariani, and Lumech, Inc.'s Position:** Coinbase has been provided all necessary information to effectuate the Transfer to Plaintiffs. However, Coinbase has failed to comply with this Court's order to effectuate the Transfer to Plaintiffs. The Court should order that Defendant Villa and Mariani's Coinbase accounts cease to be frozen for it is Coinbase's responsibility to comply with this Court's order to effectuate the Transfer to Plaintiffs. Defendants have been damaged and will continue to suffer damages by the continued freezing of their accounts. Therefore, this Court should not extend the TRO and should order Coinbase to immediately effectuate the Transfer to Plaintiffs. If the Court further extends the TRO, the Court should order Plaintiffs to pay a bond into the Court's registry to cover any damages caused to Defendants by the TRO. As Defendants' response in opposition to the TRO shows, at a minimum, Plaintiffs' allegations of success on the merits are highly disputed, and, thus, a bond is warranted.

**Defendant Alessio Mulasso's Position:** It is Defendant Mulasso's position that he should be dismissed from this case and completely released from any and all obligations as he does not own any Coinbase accounts or has any interests in this lawsuit. Defendant Mulasso therefore has not had to provide any information to Coinbase for the Transfer. Defendant Mulasso should no longer be subject to the TRO, regardless of the status of Coinbase's Transfer.

**Coinbase's Position:** There is no easy way to transfer the USDT Assets from Defendant Villa's account into a non-Coinbase wallet, as Plaintiffs desire. Plaintiffs refuse to agree to the simpler options: (a) Plaintiffs create a Coinbase account and Coinbase credits the funds to that

account (and debits Defendant Villa's account); or (b) Coinbase removes the restrictions from Defendant Villa's account, and Defendant Villa transfers the funds himself to the designated address for Plaintiffs non-Coinbase account. Plaintiffs, instead, demand that Coinbase transfer the Asserts to a non-Coinbase wallet.

Coinbase provided a settlement transfer agreement setting forth terms that would allow the safe transfer of the assets to Plaintiffs' non-Coinbase account. It is critical that these terms are agreed so procedures are followed to ensure that this sizeable transfer is safely made, because once done, the transfer cannot be reversed. There is no option for Coinbase to clawback or otherwise reverse the transfer to the non-Coinbase wallet once attempted. Defendants' counsel has made edits to the proposed agreement, but Plaintiffs have not provided revisions.

Coinbase has not failed to comply with any court order entered in this action. During the status conference held by Magistrate Reid on July 31, 2023, Coinbase had not appeared in the action and, thus, was not represented during the conference.

Coinbase seeks either agreement on the terms of the proposed settlement agreement that it presented to the Parties or, if such agreement is not possible, Coinbase requests an opportunity to present a proposed Order to the Court that includes procedures that would ensure a safe transfer.

Respectfully submitted:

| By: _/s/ Chirag H. Patel_ | By: _/s/ Daniel A. Milian_ |
|---|---|
| Chirag H. Patel (*admitted pro hac vice*) | Daniel A. Milian |
| Clark Hill, PLC | Ana E. Tovar |
| 130 E Randolph St Suite 3900 | Fowler White Burnett, P.A. |
| Chicago, IL 60601 | 14th Floor, Brickell Arch |
| 312-985-5900 | 1395 Brickell Avenue |
| cpatel@clarkhill.com | Miami, FL 33131 |
| | 305-789-9200 |
| Lisa Carney Eldridge (*admitted pro hac vice*) | dmilian@fowler-white.com |

5

| | |
|---|---|
| Clark Hill, PLC<br>Two Commerce Square<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103-7042<br>215-640-8514<br>leldridge@clarkhill.com<br><br>Christina M. Flores<br>Florida Bar No. 125966<br>Gordon Rees Scully Mansukhani<br>100 S. Ashley Drive, Suite 1290<br>Tampa, FL 33602<br>312-796-2964<br>cflores@grsm.com<br>kwarrington@grsm.com<br>dpocica@grsm.com<br><br>*Counsel for Plaintiffs* | atovar@fowler-white.com<br><br>*Counsel for Defendants Marco Alessandro Villa, Giorgio Mariani and Lumech Inc.* |
| By: \_/s/\_*Mayelin Rodriguez*\_\_\_\_<br>Alexandra Sierra De Varona<br>Mayelin Rodriguez<br>4800 N. Federal Highway, Suite D-104<br>Boca Raton, FL  33431<br>(561)-600-9070<br>asd@devaronalaw.com<br>mtr@devaronalaw.com<br>*Counsel for Defendant Alessio Mulasso* | |